

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30204 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00057-BMM-2 |
| v. | |
| JOHN GRIMSON LYON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted August 29, 2016[**]
Seattle, Washington

Before: HAWKINS, and McKEOWN, Circuit Judges, and EZRA,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The  panel  unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States Senior District Judge for the
Western District of Texas, sitting by designation.

Defendant-Appellant John Grimson Lyon appeals his jury trial convictions for wire fraud, in violation of 18 U.S.C. § 1343; false claims, in violation of 18 U.S.C. § 287; and theft of government property, in violation of 18 U.S.C. § 641. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of a motion to dismiss the indictment for failure to state an offense, *United States v. Blixt*, 548 F.3d 882, 886 (9th Cir. 2008), for multiplicity, *United States v. Brooks*, 610 F.3d 1186, 1194 (9th Cir. 2010), and for improper venue, *United States v. Sullivan*, 797 F.3d 623, 631 (9th Cir. 2015). We also review de novo the district court's denial of a motion for acquittal where, as here, the defendant properly preserved his challenge to the sufficiency of the evidence. *United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011). We review for abuse of discretion the district court's decision to give a *Jewell* instruction, *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir. 2007) (en banc), and its decision to deny a motion for a new trial, *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir. 2006). We affirm.

**1.** The district court did not err in denying Lyon's motion to dismiss the indictment for failure to state an offense. The indictment adequately alleges that Lyon knew his subordinate Denny was submitting false timesheets. The indictment did not need to allege that Lyon obtained a financial benefit in order to allege wire fraud, false claims, or theft of government property. *See United States v. Jinian*, 725 F.3d 954,

960 (9th Cir. 2013) ("The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud."); 18 U.S.C. § 287 (false claims statute penalizes anyone who "makes or presents" a false claim, no requirement of receiving any benefit); *id.* § 641 (penalizing anyone who "embezzles, steals, purloins, or knowingly converts to his use *or the use of another* . . . any . . . money, or thing of value of the United States or of any department or agency thereof . . . .") (emphasis added).

**2.** The district court did not err in denying Lyon's motion to dismiss the indictment for multiplicity. The government may, consistent with the Double Jeopardy Clause, charge violations of multiple statutes based on a single act, so long as each count requires the government to prove an additional fact that the others do not. *Brooks*, 610 F.3d at 1194. "The elements of the offenses are determinative, even if there is a substantial overlap in their proof." *Id.* (internal quotation marks omitted). Here, wire fraud, false claims, and theft of government property each have at least one element the others do not. Wire fraud requires the use of a wire, which the other two crimes do not. *See Jinian*, 725 F.3d at 960. False claims requires submitting a demand for government money or property, *see United States v. Jackson*, 845 F.2d 880, 883 (9th Cir. 1988), which the other two crimes do not. Theft of government

3

property under 18 U.S.C. § 641 requires taking government property for one's own use or the use of another, which the other two crimes do not.

**3.**     Nor did the district court err in denying Lyon's motion to dismiss the false claims count for improper venue.  The indictment adequately alleges that the false claim was made and presented in Montana.

**4**.     There was no abuse of discretion in giving a *Jewell* instruction or denying Lyon's motion for a new trial, which was based solely on the alleged error in giving the *Jewell* instruction.  Evidence supported a finding that Lyon was aware of a high probability that Denny was not actually working all of the hours he claimed he was working, and that Lyon deliberately failed to investigate despite signs that Denny was working so little that no one else in the office could get in contact with him.  A *Jewell* instruction need not include an instruction that the defendant's motive for failing to investigate was to give himself a defense should he be apprehended.  *Heredia*, 483 F.3d at 919-20.  Lyon's statutory interpretation argument is unpersuasive in light of this court's prior applications of *Jewell*'s deliberate ignorance standard to the crimes of which Lyon was convicted.  *See United States v. Erickson*, 75 F.3d 470, 481 (9th Cir. 1996) (false claims); *United States v. Henderson*, 721 F.2d 276, 277-79 (9th Cir. 1983) (theft of government property); *see also United States v. McDonald*, 576 F.2d 1350, 1358 (9th Cir. 1978) (mail fraud); *Jinian*, 725 F.3d at 960 n.2 ("[T]he wire fraud

statute is read in light of the case law on mail fraud.") (internal quotation marks omitted).

**5.** Nor was there error in the district court's denial of Lyon's motion for acquittal. Reading the evidence in the light most favorable to the prosecution, there was sufficient evidence for a rational jury to find beyond a reasonable doubt that Lyon either knew or was deliberately ignorant of the falsity of Denny's claimed hours.

**AFFIRMED.**